FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT 07 JUN -1 AM 9:22
SOUTHERN DISTRICT OF IOWA

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IA

Lawrence T Gladson #207156/et al
Reed Hamilton #204681
ALLEN Fryer #80457
Donnis Wykles) 80378/
Jesse Masterson 081163
Rich Wilson 802351
(Enter above the FULL name and
inmate number of the plaintiff
or plaintiffs in this action)

vs.                                                              COMPLAINT

John Ault Warden ISP
Deb Nichols Security Director ISP
William Sperfslage Deputy Warden ISP
Roger Lawson, Treatment Director ISP
Steve Young, Unit Manager ISP
(Enter above the FULL name of
each defendant in this action)

(NOTE: If there is more than ONE plaintiff, a separate sheet should be
attached giving the information in parts I and II below for EACH plaintiff
by name.)

    I.   Previous Lawsuits:

        A.   Have you begun other lawsuits in state or federal court
dealing with the <u>same</u> <u>facts</u> involved in this action or
otherwise relating to <u>your</u> imprisonment? Yes (   ) No (X)

        B.   If your answer to A is Yes, please answer the questions
1 thru 7 on next page. (If there is more than one lawsuit,
describe the additional lawsuits on another sheet of paper,
using the same outline.)

1. Parties to this previous lawsuit

   Plaintiffs __No__

   Defendants __No__

2. Court (if federal court, name the district; if state court, name the county)
   __No__

3. Docket Number __No__

4. Name of judge to whom case was assigned __No__

5. Disposition, if known (for example: Was the case dismissed? Was it appealed? Is it still pending?)
   __No__

6. Approximate date of filing lawsuit __No__

7. Approximate date of disposition __No__

II. Place of Present Confinement __ISP Fort Madison Iowa__

   A. Is there a prisoner grievance procedure in this institution Yes [X] No [ ]

   B. Did you present the facts relating to your complaint in the state prisoner grievance procedure? Yes [X] No [ ]

   C. If your answer is YES,
      1. What steps did you take? __Grievance to Steve Young unit Manager, Grievance to Dave DeManje, Grievance to Warden Ault, Grievance to and appeal to Coordinator Central office 510 East 12th Des Moines Iowa.__
      2. What was the result? __Denied.__

   D. If your answer is NO, explain why not _____

   E. If there is no prison grievance procedure in the institution, did you complain to prison authorities? Yes [ ] No [ ]

-2-

F.  If your answer is YES,

  1. What steps did you take?_____
     _____
     _____

  2. What was the result?_____
     _____
     _____

III. Parties

   (In item A below, place your name in the first blank and place
   your present address in the second blank. Do the same for
   additional plaintiffs, if any.)

   A. Name of Plaintiff _Lawrence T Nladson / et Al_____
      Address _P.O. Box 316 Fort Madison Iowa 52627_____
   B. Additional plaintiffs _Yes  See Attach Page_____
      _____
      _____
      _____

   (In item C below, place the full name of the defendant in the
   first blank, his official position in the second blank, and
   his place of employment in the third blank. Use item D for
   the names, positions, and places of employment of any addi-
   tional defendants.)

   C. Defendant _John Ault_____ is employed as _Warden_
      _____ at _ISP Fort Madison Iowa 52627_
   D. Additional defendants _Deb Nichols Security Director ISP_
      _William Sperfslage, Deputy Warden, ISP_
      _Roger Lawson Treatment Director ISP_
      _Steve Young Unit Manager ISP Fort Madison Iowa_
      _Iowa Department of Correction, Jesse Parker Bldg_
      _510 E. 12th Des Moines Iowa 50319_
      _____

IV. Jurisdiction

   This complaint is brought pursuant to 42 U.S.C. § 1983, and
   jurisdiction is based on 28 U.S.C. § 1343(c). Plaintiff(s)
   allege(s) that the defendant(s) acted under color of state law
   with regard to the facts stated in part V of this complaint.

-3-

V. **Statement of Claim**

(State here as briefly as possible the FACTS of your case. You MUST state exactly what each defendant personally did, or failed to do, which resulted in harm to you. Include also the names of other persons involved (for example, other inmates) and state the date and place of all events. Attach an extra sheet if necessary, and write the heading PART V CONTINUED at the top of the sheet. Keep to the facts. Do not give any legal arguments or cite any cases.)

_See Attach Pages_

VI. Relief

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

_See Attach Pages_

VII. **Statement Regarding Assistance in Preparing This Complaint**

    A. Did any person other than a named plaintiff in this action assist you in preparing this complaint? Yes [ ]  No [X]

    B. If your answer is YES, name the person who assisted you.

    _____

    C. Signature of person who helped prepare complaint.

    _____          _____
    (Signature)                                (Date)

VIII. Signature(s) of Plaintiff(s) *Lawrence T Gladson /et al*

Signed this __17__ day of __May__, __2007__.

*Lawrence T Gladson /eT Al*
(Signature of Plaintiff)

Signatures of additional plaintiffs, if any:

__See Attach Page__

_____

_____

_____

_____

1) On 1/04/07, at approximately 5:15pm, hobby craft supervisor Bill Ell passed out a two page document with the subject: "Honor Lifer."

2) Said document, listed in #1 above, was signed by Warden John Ault and made the following changes to the "Honor Lifer" program:

   a) The "Honor Lifer" policy shall be deleted and a new level system policy shall be written and issued.

   b) The term "Honor Lifer" shall no longer be used but will be referred to, instead, as level VI status.

   c) All inmates coming into level VI shall meet IDOC personal property requirements.

   d) Inmates who are currently housed in the former "Honor Lifer" unit shall be allowed to retain extra property permitted under the old "Honor Lifer" policy except for those items listed elsewhere in this directive.

   e) All leather craft materials and tools, to include air brushes, shall not be allowed in the cell.

   f) No sports equipment shall be allowed in the cell.

   g) Private visits shall not be permitted.

   h) Inmates shall no longer be given the choice of what color to paint their cells.

   i) An annual banquet shall not be held.

3) Said document, as listed above, deleted the "Honor Lifer" program.

4) Hobby craft supervisor, Bill Ell, did remove all class B and class A tools from all Honor Lifers (except inmates Fryer and Folck) at the time he passed out the document listed above. No inventory was taken of said tools, pursuant to ISP policy.

1

5) Said removal of this authorized property from Honor Lifers was done without a hearing and an opportunity to be heard.

6) #5 above violated said Honor Lifers rights to Due Process of law under the U.S. Constitution.

7) Honor Lifers seek the return of all said property, privileges and the "Honor Lifer" program.

8) The Iowa Tort Claims Act at chapter 669 of the Iowa Code <u>does</u> <u>not</u> provide for the <u>return</u> of <u>authorized</u> personal property, as purchased via IDOC policy.

9) The Iowa Tort Claim Fund at Iowa Code 904.311 <u>does</u> <u>not</u> provide for the <u>return</u> of <u>authorized</u> personal property, as purchased via IDOC policy.

10) The "Honor Lifer" program was instituted during the tenure of Warden Brewer in 1975 (31 years ago).

11) Said "Honor Lifer" program preceded the protections afforded to Honor Lifers by the Hazen Settlement Agreement.

12) The "Honor Lifer" program continued as ISP and IDOC policy after President Clinton signed the National Crime Bill Act in 1996.

13) The "Honor Lifer" program continues to be protected by the terms of the Hazen Settlement Agreement because of a State created Liberty interest.

14) Honor Lifers have a Liberty interest, created by the State of Iowa and protected by the U.S. Constitution, to retain their Honor Lifer status, property and privileges afforded under this program.

15) Over the years, inmates working at Iowa Prison Industries (hereafter IPI) have harmed other prisoners with tools on numerous occasions.

16) Inmates have also harmed staff members with tolls at IPI.

2

17) At least, one inmate attempted suicide with a large staple gun and severely injured himself at IPI.

18) All of the above occurred at IPI, yet work with tools continues at IPI.

19) Over the years, inmates working at the ISP Kitchen have harmed other prisoners with tools on numerous occasions.

20) Over the years, inmates working at the ISP kitchen have harmed staff members with tools on numerous occasions.

21) All of the above occurred at the ISP kitchen, yet work with tools continues at the ISP kitchen.

22) No Honor Lifer has ever (during the 31 year history of the program) harmed another prisoner with an in-cell hobby craft tool.

23) No Honor Lifer has ever (during the 31 year history of the program) harmed any staff member with an in-cell hobby craft tool.

24) Honor Lifers have never harmed any staff or prisoner with tools for in-cell hobby craft, yet said tools have been removed.

25) The ISP Classification Committee bears the responsibility of which prisoners it chooses to place in Honor Lifer status.

26) Honor Lifers have no formal input or responsibility for what prisoners the ISP Classification Committee chooses to place in Honor Lifer status.

27) Honor Lifers are being subjected to collective punishment by ISP prison administrators for the alleged or actual misbehaviors and rule violations of a former Honor Lifer.

28) ISP Warden Ault, Security Director Deb Nichols, Deputy Warden William Sperfslage, Treatment Director Roger Lawson and Unit Manager Steve Young acted outside or procedural administrative policy and outside of State law, when they imposed disciplinary

3

sanctions of mass and collective punishment against Honor Lifers who were found not to be in violation of disciplinary rules.

29) Warden Ault and Security Director Deb Nichols applied a ambiguous and capacious non-written policy that required all Honor Lifers (who earned said status) to assume the responsibility for the alleged or actual rule violations of a few former Honor Lifers.

30) Warden Ault and Security Director Deb Nichols applied a "non-written policy" that required all Honor Lifers, who earned said status, to assume and take on the responsibility for the individual actions of other Honor Lifers who decided to violate the rules of ISP and furthermore expected the Honor Lifers to take on the responsibility of being patient aides (or babysitter) for a special needs inmate who had a well documented history of emotional behavioral problems that required him to be on medication to control his behavior and maintain a degree of stability.

31) IMCC Facility had a patient aide program (which was in fact a "babysitting" program) for mentally and emotionally disturbed inmates. This program was discontinued during the 1980's, as it was found to be a violation of State and Federal laws which prohibited prisoners from having control and authority over other inmates.

32) ISP instituted a program of having ISP inmate observers at the CCU, for inmates deemed a suicide risk during the years of 2004-2007 (dates are to the best of grievant's recollection).

33) Also there is an ISP program called the Hospice Program where ISP inmates over see the critically ill at the ISP infirmary.

34) Unit Manger, Steve Young, did state he was ashamed of the Honor Lifers for not stopping the alleged or actual violations of the few former Honor Lifers.

35) Unit Manager Steve Young did state that "Honor" and "Lifer" are contradictory terms, that a prisoner cannot have "Honor" and be a "Lifer." This is from an employee who classified many prisoners to be "Honor Lifers."

36) IDOC and ISP policies mandate that no inmate incarcerated at any of it's facilitated is to have control or authority over another inmate.

37) IDOC policy IS-CL-02 and ISP policy IS-CL-02 (ISP-02) do not mandate that in order for a prisoner to maintain his "Honor Lifer" status, he must take on the responsibility for the actions and behavior of other Honor Lifer inmates.

38) Number 36 and number 37 above, violated Iowa State laws and Iowa Administrative Code Laws, by the ISP prison staff involved.

39) On December 19, 2006, Warden Ault informed Deputy Director Brimeyer that "Removing the privilege of doing leather work in the "Honor Lifer" unit is the only major activity that will no longer be allowed."

40) To the best of grievant's knowledge, Anamosa (a maximum security penitentiary) allows virtually all general population inmates to possess tools and do leather work in their cells after 30 days at the facility.

41) At ISP (also a maximum security penitentiary) only the select few, the "Honor Lifers", were allowed to earn in-cell leather work activities.

42) Number 40 and number 41 above, violate "Honor Lifer's" rights under "equal protection under the law" of the U.S. Constitution.

43) ISP and IDOC officials are discriminating against "Honor Lifers" in violation of the IDOC "non-discrimination policy."

44) On 1/08/07, the elected "Honor Lifer" representative to the inmate council at ISP asked Security Director Deb Nichols, why our status, property and privileges were removed. Security Director D. Nichols stated it was because so many gave positive U.A.'s and for security reasons. "Honor Lifer" representative then pointed out that on numerous occasions all the cellhouse units have had numerous positive U.A.'s but nothing was done to them. Security Director D. Nichols replied: what do you want me to take from them, they don't have anything.

**Relief Requested:**

"Honor Lifers" respectfully want the return of everything listed in #2 above and the reinstatement of the "Honor Lifer" policy that was in effect prior to January 15, 2007.

**The following inmates join in with this informal Resolution/Grievance.**

1. Lawrence T Gladson #207156
2. Reed W. Hamilton #204681
3. Donald R. Lawrence #020713
4. Michael Williams #1108175
5. J. Pardee 1154053
6. Allen Fryer 80459
7. Jesse Masters 081163
8. [signature] #803784

6

Micheal Williams #1106475
9. ~~R. Gordy 1701-676988~~
10. Jamie Mayberry 801886
11. Donald R. Lawrence 207131
12. Mark Peterson 805282
13. Donnie LaNyfeld #803781
14. John Holmes #1040633
15. J. Ali Henderson El #103945
16. Kevin L. Baley #804847
17. C.H. Greening 206088
18. Hampton Dan #1025025
19. Brian Konceal #1121940
20. Dennis Lamar #202806
21. Steven G. Trussen Roe #803378
22. Charles Watkins 206680
23. Jamey Mills 0808477
24. E.C. Love 207963
25. Leonard Berg 0800601
26. Rudolph 802351
27. Gary L. Buck 1028961
28. Donald Goodrich 1117694
29. Shon L. Graves Jr. 1076698
30. Bass L. Woolbery El 1049704
31. Charles D. Culby 104338

32. John Walter #805330
33. Gerardo Gonzalez 1147942
34. C/O Perrott 161197
35. Gary Kirchner 0076674
36. Charlie [Undquade] 081186
37. [signature] #1002285
38. Michael Hoover 306220
39. [Kith Walker]
40. [Charles Behren] by U0[1086]

| | |
|---|---|
| Steven Fraiser | #803378 |
| Charles Watkins | #206680 |
| Jamey Mills | #0808477 |
| Ed Love | #207963 |
| Leonard Berg | #0800601 |
| Rick Wilson | #802351 |
| Gary L. Buck | #1028961 |
| Donald Goodrich | #1117694 |
| Shon L. Graves | #1076698 |
| Bobby Woodberry | #1049904 |
| Charles D. Cullor | #104338 |
| John Walker | #205330 |
| Gerardo Gonzalez | #1147942 |
| Chris Bennett | #1061193 |
| Gary Kirchner | #0076674 |
| Charles Chadwick | #081186 |
| David Tillman | #1002285 |
| Michael Glover | #206270 |
| Keith Walker | # |
| Charles Robinson | #1101006 |

**Names of the inmates who signed the grievance against Iowa State Penitentiary for the dismantling of the "Honor Lifer" level system, and who join as plaintiffs in this lawsuit (In order of the signature page).**

| | |
|---|---|
| Lawrence T. Gladson | #207156 |
| Reed W. Hamilton | #204681 |
| Donald R. Lawrence | #0207131 |
| Micheal Williams | #1106475 |
| John Pardee | #1154053 |
| Allen Fryer | #80459 |
| Jesse Masterson | #081163 |
| Michael Bartnick | #8053784 |
| Micheal Williams | #1106475 |
| James Mayberry | #801886 |
| Donald R. Lawrence | #0207131 |
| Mark Peterson | #805282 |
| Donnie Wyldes | #803781 |
| John Holmes | #1040633 |
| J. Ali Henderson | #103945 |
| Kevin Boley | #804847 |
| C. H. Greenup | #206188 |
| Dan Hampton | #1025025 |
| Brian Koncel | #1121940 |
| Dennis Lamar | #202806 |

Lawrence T Abadan #20715b
P.O. Box 316
Fort Madison Iowa 52627-0316

"Legal Mail"

NOTICE: This correspondence was mailed from an Institution

Clerk, U.S. District Court
P.O. Box 9344
Des Moines Iowa
50306-9344

FIRST CLASS MAIL

